SINGER MANUFACTURING COMPANY *v.* BOYETTE.

Opinion delivered April 1, 1905.

PRINCIPAL AND SURETY—DISCHARGE.—Where an employee entered into a written contract whereby she was to act as saleswoman for her employer, and agreed to report each week, upon blanks furnished, a

full and complete account of all business transacted by her during said week, and gave a bond with surety that she would faithfully perform her duties, the stipulation for weekly settlements was an essential part of the contract, and a waiver of it by the employer discharged the surety.

Appeal from Sebastian Circuit Court, Greenwood District. STYLES T. ROWE, Judge.

Affirmed.

*T. B. Pryor* and *R. T. Powell,* for appellant.

Previous verbal agreements or declarations are conclusively presumed to be merged into the written contract. 62 Ark. 49. It was improper to admit the testimony of Dr. McGinty. 60 Ark. 141; 12 Ark. 692; 7 Ark. 112. It is error to give an instruction where there is no evidence to support it. 70 Ark. 441; 71 Ark. 357. Appellant's motion for judgment against the obligors in the bond should have been sustained. 11 Enc. Pl. & Pr. 912.

*G. S. Evans, T. L. Brown* and *J. H. Holland,* for appellee.

The statements of Corey amount in law to fraud, and the bond is void. 77 Ga. 40; 9 Ala. 42; 27 Am. & Eng. Enc. Law, 443; 70 Ark. 512; 57 Ark. 73; 48 Ark. 440; 8 Mo. App. 37; 49 Wis. 409; 39 Me. 543; 65 Minn. 321.

BATTLE, J. The Singer Manufacturing Company brought an action against Fannie A. Boyette, W. G. Hopkins, and others, on a bond executed by them, to recover "five hundred dollars and ten per cent., attorney's fees," the penalty named therein, and to recover against Fannie A. Boyette, individually, the sum of $1,200. "The complaint in substance alleges: That plaintiff is a corporation organized under the laws of the State of New Jersey, and is engaged in the manufacture and sale of sewing machines; that in the year 1900 the defendant, Fannie A. Boyette, entered its employ as salesman and collector under a written contract; that she also, together with her codefendants, entered into a bond in the sum of $500, conditioned that she would faithfully perform her duties as such salesman and collector. That, in violation of her contract and the conditions of the bond, she had collected from divers persons owing plaintiff sums

aggregating $1,200, which she had wholly failed to account for and pay to plaintiff." It asked for judgment against her for $1,200, and against her codefendants for the sum of $500. Her codefendants filed a separate answer, in which they deny that she had failed to pay the plaintiff her indebtedness to it, and, among other things, alleged that it was understood that she would be required to make weekly settlements with it, and that it had failed to do so, and had permitted her account to run for more than a year without doing so.

The defendant, Boyette, in a separate answer, alleges that she made weekly settlements, and paid to plaintiff all amounts due it under contract.

The jury in the case returned a verdict in favor of the plaintiff against Fannie A. Boyette for $550, and in favor of her codefendants; and the court rendered judgment accordingly. The complaint of the plaintiff as to the proceedings of the court seems to be confined to the judgment in favor of the codefendants.

It was proved that Fannie A. Boyette entered into a written contract with the plaintiff by which she agreed, among other things, to act as "salesman" and collector for plaintiff, to devote her entire time and attention exclusively to collecting the accounts from time to time entrusted to her "by the plaintiff," and to selling the family sewing machines and supplies made and furnished by "plaintiff" and none other; and "to give such a guaranty or security as shall be satisfactory to it for the due and faithful performance of the terms" of her contract; and "to report each week upon blanks furnished by it a full and complete account of all business which she transacts for it during said week." That she and her codefendants entered into a bond to the plaintiff in the sum of $500, conditioned that she would faithfully perform her duties as such salesman and collector. Evidence was also adduced tending to prove that, after she had made a few weekly reports and settlements, she was relieved by the plaintiff, through its duly authorized agent, from making such reports or settlements except when she had made sales or collected money, and required her to report only once a month.

In *Hibbs* v. *Rue,* 4 Pa. St. 348, the court said: "The contract by which a surety becomes bound is voluntary on his part, without profit or advantage, and without having in view the prospect of gain. It is an act of benevolence to the obligor, and of convenience to the obligee; and of emphatic use to both. The obligations of social duty require, therefore, that he should be dealt with in fairness, and in a spirit of the utmost good faith. The obligor and the obligee are bound to know that, if they find it convenient to change or vary the terms of the original contract, they must seek the assent of the surety, because it is his contract as well as theirs. And if they will not do so, they must take upon themselves the hazard, and thus loosen the bonds of the surety."

In *Morrison* v. *Arons,* 65 Minn. 321, the defendant was employed by the plaintiffs as general manager, salesman and collector. They entered into a written contract, by which the defendant agreed to account or make settlements once a month as to his transactions. Arons, as principal, and others, as sureties, entered in a bond, in which plaintiffs were obligees, which was conditioned, among other things, that Arons should faithfully and honestly perform all the duties of his employment. It was proved that no monthly settlements or accounting had been had as provided for in the contract of employment. It was held that the sureties upon the bond were thereby released from liability. The court said: "The condition in the employment contract whereby monthly accountings and settlements were agreed upon was an exceedingly beneficial one for all concerned. It was an essential feature of the contract whereby Arons agreed to conduct plaintiff's business enterprise for an indefinite period of time, his compensation to be determined by the net profits. The contract of suretyship was departed from and varied when this provision was wholly disregarded, and the case is brought directly within the rule that, if an essential condition of such a contract is not complied with, a surety is not bound." See to the same effect *Fidelity Mutual Life Association* v. *Dewey,* 54 L. R. A. 945, and cases cited.

The stipulation for weekly settlements in this case was an essential part of the contract. The enforcement of it would have made a record of the business transactions of Mrs. Boyette, and

lessened litigation as to the same; and would have held her in surveillance, and checked the misappropriation by her of moneys in her hands belonging to the company, and would, probably, have led to the discovery of any misappropriation of money before it could have assumed considerable proportions. This, doubtless, was the object of the stipulation; and its enforcement would, at least, have afforded some protection to the sureties on the bond. Plaintiff, having without their consent acquiesced in the violation and breach thereof, thereby released and discharged them from all liability on the bond.

Judgment affirmed.