---

## MILLER v. FRIEDHEIM.

### Opinion delivered May 6, 1907.

PRINCIPAL AND SURETY—LIABILITY OF BUILDER'S BOND.—As accommodation sureties are bound only by the strict letter of their contract, where a builder's contract obligated the builder to provide all material and perform all work for a cottage of six rooms, complete as shown in the drawings and described in the specifications of the architect, and the bond signed by two sureties recited that the builder has contracted "to furnish all material and labor to complete all the work as called for in the plans and specifications for the completion of a one-story frame cottage," but the specifications called for the erection of a barn also, the sureties were not bound for the construction of the barn.

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; reversed.

*John D. Shackleford,* for appellant.

Bondsmen are bound only by the instrument they sign, and not by what the principal in the bond knew. They are bound only in the manner and to the extent provided in the obligation. 6 Cyc. 82. They are only chargeable according to the strict

the plans of the building, if made without their consent. 59 Mo. App. 44; 65 Ark 550; 66 *Id.* 287; 71 *Id.* 199.

Sureties on a bond are released by a substantial change in terms of the bond. 6 L. Ed. (U. S.), 189; 16 L. Ed. (U. S.), 689; 17 L. Ed. (U. S.), 789; 122 Mass. 467; 35 Mich. 365.

*Marshall & Coffman,* for appellee.

McCULLOCH, J. This is an action instituted by plaintiff, Lydia Friedheim, to recover the sum of $268.65, on a builder's contract and bond executed to her by the defendants, W. A. Thompson and his two sureties. Plaintiff recovered below the sum of $205.65 against all the defendants, and the two sureties appealed. It is alleged in the complaint that defendant Thompson entered into a contract with plaintiff to furnish the material and construct for her a cottage and barn, for the sum of $2,890, according to plans and specifications, which were made a part of the contract; and that defendants executed a bond in the sum of $1,500, conditioned upon the faithful performance of the contract. It is also alleged that plaintiff was compelled to pay out the sum sued for in the construction of the buildings and in removing liens for material used.

Defendants denied in their answer that the contract, the performance of which their bond guarantied, called for the construction of the barn. The contract was introduced in evidence, and contains the following provision:

"Contractor shall and will provide all the material and perform all the work for the erection of a one-story frame cottage of six rooms, halls, corridors, bath, pantry, closets, porches, etc., complete........, as shown on the drawings and described in the specifications, prepared by Ely Blount, architect, which drawings and specifications are identified by the signatures of the parties hereto, and become a part of this contract."

No reference is made in the contract to the construction of a barn, but the specifications referred to contain specifications for a barn.

A witness introduced by plaintiff testified that Thompson understood and knew when the contract was entered into that the construction of a barn was a part of it. Thompson testified, however, that it was not considered a part of the contract, and

that a separate oral contract was made with reference to its construction. The bond recites that the contractor "has contracted with the said Lydia Friedheim to furnish all material and labor to complete all the work as called for in the plans and specifications for the completion of a one-story frame cottage. It makes no reference to the construction of the barn.

The court gave the following, among other, instructions, over the objections of the defendants:

2. "If you find from the evidence that Thompson knew the plans and specifications included both house and barn before he made his bid, and that his bid of $2,890 was for building both, then you will not allow him anything on his claim for building said barn beyond said contract price, and you will not find the sureties on the bond to have been released on account of the building thereof."

The contractor, Thompson, did not appeal, and the question is not therefore before us whether under all the proof in the case he obligated himself to build the barn for the price named. The sureties only have appealed, and the question is presented whether under the undisputed facts they are liable for anything, and whether the instruction above quoted is correct.

Appellants were accommodation sureties, and are bound only by the strict letter of their contract of suretyship. Nothing can be taken against them by implication. The contract and bond, according to the express letter of each, called only for the construction of the cottage. While the specifications set forth details for the construction of the barn, there was nothing in the contract which affirmatively calls for its construction. It was therefore erroneous to permit any sum paid out by the plaintiff for the construction of a barn to be charged up against the sureties, and it was erroneous for the court to tell the jury that knowledge on the part of Thompson that the plans and specifications included a barn would bind the sureties for the cost of the construction thereof, or would prevent their release on account of the construction thereof. His knowledge could not have affected in any way the liability of the sureties, as the terms of their liability were fixed by their written obligation. If, however, the barn was constructed under a separate

and independent contract, based upon an additional considera-
tion, it would not affect the contract of suretyship or the liabil-
ity of the sureties, and the account between plaintiff and the
contractor with reference to that contract was a matter for in-
dependent adjustment.

The evidence does not separate the amounts paid out by
plaintiff on the barn and on the cottage, and the jury had no
way in which to separate them.

Reversed and remanded for a new trial.