RODGERS SHOE CO. *v.* COON.

1. PRINCIPAL AND SURETY — RELEASE.
   No material variation is shown in the performance of a suretyship agreement which binds the principal to pay for all money and property received, where he deducted amounts due him before making remittances; and where no provisions were inserted in the bond requiring different action.

2. SAME—CONSTRUCTION.
   Contracts of suretyship are construed strictly in favor of the surety.

Error to Wayne; Hosmer, J.   Submitted June 21, 1909.   (Docket No. 49.)   Decided July 6, 1909.

Debt by the Rodgers Shoe Company against Henry F. Coon for the amount of a bond.   A judgment for plaintiff is reviewed by defendant on writ of error.   Affirmed.

*J. Lawrence Hibbard* (*Stevenson, Carpenter & Butzel,* of counsel ), for appellant.

*James G. McHenry* (*John C. Bills,* of counsel ), for appellee.

McALVAY, J.   Plaintiff brought an action in debt in justice's court in the city of Detroit against defendant, who was a surety on a certain bond given to plaintiff in July, 1903, in which George Pickhaver, an agent of plaintiff, was principal.   This bond was in the sum of $500, and was conditioned as follows:

"The condition of the above obligation is such that if said George Pickhaver shall pay to the Rodgers Shoe Co. any and all moneys or other property received by him while in the employ of the Rodgers Shoe Co. belonging to said company then this obligation to be void, otherwise to remain in full force and virtue in law."

Plaintiff declared upon this bond, and defendant pleaded the general issue.   Upon the trial before the justice without a jury plaintiff's evidence consisted of oral testimony and depositions of witnesses.   Defendant offered no evidence.   Judgment was rendered in favor of defendant, whereupon plaintiff removed the case to the circuit court by certiorari.   In that court the judgment was reversed, and a judgment entered for plaintiff for the amount claimed.

The case is before this court upon writ of error without a bill of exceptions, under Sup. Ct. Rule 11, to review the judgment of the circuit court.   The question raised which should be considered first is whether there was evidence in the case before the justice showing an unpaid indebtedness to plaintiff from the principal in the bond, arising out of money received by him belonging to the plaintiff while employed by it.   It will not be necessary to review the testimony in the case on the part of plaintiff. The justice so found, and such finding was based upon abundant evidence to support it.

The remaining error assigned necessary to discuss relates to the claimed variation of the suretyship contract. It is urged that a material variation of such contract is clearly established by the plaintiff's evidence in the case. Plaintiff's evidence shows that Pickhaver, the principal in the bond, entered the employment of plaintiff in July,

1903, selling leather and rubber goods in Detroit for it, and was authorized to make collections for such sales, and remit to Toledo, Ohio; that he was allowed to retain out of collections money for rent of office, commissions, and expenses; that his balance was struck annually at the end of the year; that on December 31, 1903, there was a balance due him of $102.80, and when his employment ceased on December 5, 1904, there was found to be a balance due from Pickhaver to plaintiff of $348.15, which is the amount in suit. Pickhaver died before the commencement of this suit. The condition of this bond is in simple language, and it would be hard to express its purpose in fewer or more appropriate words.

We do not find that in any respect the contract of suretyship was varied by the acts of plaintiff in its relations with the agent, Pickhaver. That the law requires strict construction of these "social" contracts of suretyship is recognized, and any material variation is fatal to an enforcement. The cases cited are accepted as authority for the proposition, but neither the rule of law nor the authorities are applicable to the case at bar. Pickhaver, during the life of this contract, received money belonging to plaintiff while in its employ, which he did not pay over. Plaintiff in its dealing with its agent cannot be said to have been careless or negligent. Neither it nor Pickhaver made any contract with the surety as to remittances or times of settlement. The contract of suretyship was not made with reference to plaintiff's relations to Pickhaver, except as expressed by its terms. There is abundant authority that the surety's liability has not been affected by the dealings between plaintiff and the principal as disclosed by this record. *Cumberland Building Loan Ass'n* v. *Gibbs*, 119 Mich. 318 (78 N. W. 138), and cases cited; *Lancashire Ins. Co.* v. *Callahan*, 68 Minn. 277 (71 N. W. 261, 64 Am. St. Rep. 475); *Watertown Fire Ins. Co.* v. *Simmons*, 131 Mass. 85 (41 Am. Rep. 196); *Wilkerson* v. *Insurance Co.*, 64 Ark. 80 (40 S. W. 465, 62 Am. St. Rep. 152); *Phenix Ins. Co.* v. *Findley*, 59

Iowa, 591 (13 N. W. 738); *Pacific Fire Ins. Co.* v. *Surety Co.*, 93 Cal. 7 (28 Pac. 842).

The circuit court was not in error in reversing the judgment of the justice's court.

The judgment is affirmed.

OSTRANDER, HOOKER, MOORE, and BROOKE, JJ., concurred.