## JONES *v.* GAINES.

### Opinion delivered November 8, 1909.

1. PRINCIPAL AND SURETY—NOTICE OF PRINCIPAL'S DEFAULT.—The sureties upon a contractor's bond, given to secure the performance of a building contract, were not released because they were not notified of the default of their principal or of his having abandoned the work, where the bond did not require that such notice be given to the sureties. (Page 521.)

2. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—A motion for new trial upon the ground of newly discovered evidence must be sustained by affidavits showing its truth, as required by Kirby's Digest, § 6219. (Page 521.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*Geo. S. Evans* and *Geo. W. Johnson,* for appellants; *Holland & Holland,* of counsel.

Sureties are bound only in the manner and to the extent provided in the obligation. 86 Ill. 78; 71 Ark. 199; 66 Ark. 287. Contracts of suretyship are construed strictly in favor of the surety. 73 Ark. 473; 59 Mo. App. 44; 82 Ark. 592; 65 Ark. 550; 9 Wheat. 680; 92 Ind. 240; 47 Am. R. 140; 29 Kans. 487. Recovery in an amicable action is not evidence against a surety. 4 Pa. St. 348. A surety on a building contract is discharged if the principal is paid faster than the contract provides. 6 C. B. N. S. 550; 2 Keen 638. Discharge

of the original contractor discharges the sureties. 4 Pa. St. 348; 65 Ark. 550.

*T. B. Pryor,* for appellee.

Where newly discovered evidence is made a ground for a motion for a new trial, it must be sustained by affidavits establishing its truth. Kirby's Dig., § 6219. Where appellant fails to abstract the evidence, this court will presume that it was sufficient to sustain the finding of the trial court. 76 Ark. 217. Findings of the court are as conclusive as the verdict of a jury. 60 Ark. 250; 40 Ark. 144. A general finding of fact, having evidence to support it, without declaration of law asked or given, will not be disturbed on appeal.

BATTLE, J. On the 10th day of June, 1907, Mrs. M. S. Gaines and W. A. Jones entered into a contract in which Jones agreed to remodel a certain residence in accordance with the drawings and specifications prepared by W. H. Blakely, architect, which were made a part of the contract; and Gaines agreed to pay therefor $1,985 in payments and under conditions fully set forth in the specifications. Jones entered into a bond to Gaines in the sum of $1,000, conditioned that he would well and truly complete said building in accordance with his contract, with P. M. Claunts, J. B. Basinger and E. W. Gentry, as sureties thereon. Gaines brought an action on this contract and this bond against Jones, Claunts, Basinger and Gentry, alleging in her complaint that Jones failed to perform his contract and bond, and abandoned it when about half performed; and that she was compelled to expend and did expend in the completion of the remodeling of the residence according to the contract the sum of $1,344 in excess of the contract price; and asked for judgment.

The defendants answered, and admitted the execution of the contract and bond sued on, and denied the other allegations in the complaint, and alleged that the sureties on the bond had no knowledge or information of the discharge of Jones.

The court, by consent of all parties, sitting as a jury, after hearing the evidence adduced by the parties, found that W. A. Jones entered into a contract with the plaintiff to remodel and construct a certain dwelling at and for the contract price, to-wit,

$1,985; that Jones refused and failed to carry out the contract, after partially complying with the terms thereof; that, in having the dwelling completed according to the contract at a reasonable cost, the plaintiff was forced to expend the sum of $1,444.50 in excess of the contract price; that at the time of the execution of the contract Jones, together with his co-defendants, entered into a bond to the plaintiff in the sum of one thousand dollars for the faithful performance of the contract; that the terms and conditions of the contract were violated by Jones, to the plaintiff's damage in the sum of $1,450.50."

And rendered the following judgment: "It is therefore considered, ordered and adjudged by the court that the plaintiff have and recover of and from the defendant, W. A. Jones, the sum of $444.50, and also have and recover of and from the defendants, W. A. Jones, P. M. Claunts, E. W. Gentry and John B. Basinger, the sum of one thousand ($1,000) dollars, together with all her costs herein expended."

The defendants filed a motion for a new trial, in which they alleged that they discovered evidence since the trial and set it out in the motion, but did not sustain their motion in this respect by affidavits as required by section 6219 of Kirby's Digest.

The motion was overruled, and defendants appealed.

The findings of fact by the court are sustained by the evidence. It is true that the sureties were not notified of the default of their principal in the failure to perform his contract or his discharge. None was necessary. The contract did not require it, and it was their duty to see that he performed it. *Wilkerson* v. *Crescent Insurance Company*, 64 Ark. 80; 27 American & English Encyclopedia of Law, (2d Ed.) 457, and cases cited.

They, defendants, were not entitled to a new trial on account of newly discovered evidence, their motion on that ground being unsupported by affidavits. Kirby's Digest, § 6210.

Judgment affirmed.