ATHLETIC TEA COMPANY *v.* McCORMACK.

Opinion delivered June 11, 1923.

1. PRINCIPAL AND SURETY—DISCHARGE OF SURETY.—Where one employed as sales representative of appellant gave a bond, with appellee as surety, obligating himself to make weekly reports of "stock on hand and in transit," such provision was for the benefit of appellee as well as of appellant; and where appellant failed to require such report and to notify appellee of such omission, he thereby discharged appellee from liability on the bond.

2. PLEADING—AMENDMENT BY PROOF.—Though appellee surety failed to plead a waiver by appellant of a provision for appellee's benefit, the defense is nevertheless available where evidence thereof was introduced and the case was tried upon the theory that appellee had been released by such waiver.

Appeal from Pulaski Circuit Court, Third Division; *A. F. House,* Judge; affirmed.

*Rogers, Barber & Henry,* for appellant.

The introduction of the judgment against the principal and the guaranty bond signed by G. A. McCormack made a *prima facie* case against him on his plea that he had not executed the bond. The court erred in directing a verdict for appellee on the ground that appellant had waived its guaranty as against appellee by not requiring his principal to include in his reports to appellant the items of "stock on hand and in transit." Certainly such defense must have been pleaded to be availed of. 32 Cyc. 149; 10 Stand. Pro. 693-F. No such plea was interposed, and no testimony was offered by appellee in support of

this contention, and for this reason alone the judgment was erroneous. The omission was not material, and none of the parties could have been prejudiced by it. 32 Cyc. 179; 64 U. S. 149; 32 Cyc. 115. There is no contention that the omission prejudiced the rights or increased the risk of the guarantor. Even if the omission was material and appellant negligent in not giving notice to the guarantor, the guarantor would be released only to extent of damages suffered by him because of such omission. 14 Am. & Eng. Enc. 1152a, 1151. The judgment should be reversed, and, the facts being undisputed, appellant should have judgment here for amount of guaranty.

*Chas. Q. Kelley* and *Carmichael & Hendricks,* for appellee.

The judgment should be affirmed for noncompliance with Rule 9. 136 Ark. 188. None of the reports of salesman showed "stock on hand and in transit," as the contract required, and it is agreed appellant failed to notify appellee of this omission. This report was for the benefit of appellee as well as appellant, and appellant, having waived it, changed the contract without the consent of appellee, thereby releasing him as surety. 113 Ark. 429; 21 R. C. L. 1007. 74 Ark. 600 is controlling in this case. See also 2 Frost, Law of Guaranty Insurance, 241. The evidence was introduced without objection, and the pleadings will be considered amended to conform to the proof. 84 Ark. 37.

HUMPHREYS, J. This is a suit upon a contract and bond by appellant against O. C. Langford, as principal, and R. F. Marsh, and appellee, sureties, for the faithful performance of the contract. The contract sued upon was an employment contract, whereby O. C. Langford was employed by appellant as its sales representative in Little Rock. O. C. Langford was obligated in the contract to pay appellant all sums collected by him for it in the prosecution of the business. The bond was an obligation in the sum of $500 executed by Langford, as prin-

cipal, and Marsh and appellee, sureties, to appellant, conditioned for the faithful performance of the contract. The contract contained a provision to the effect that Langford should make weekly reports to appellant showing total sales, cash collected, amount outstanding, and stock on hand and in transit.

The action against the several defendants was submitted on different days.

On June 23, 1922, appellant obtained judgment against O. C. Langford for $606.54, from which there was no appeal.

On June 16, 1922, it obtained judgment by default against R. F. Marsh for $500, the face of the bond, from which no appeal has been prosecuted. On the same day the cause between appellant and appellee was tried, which, at the conclusion of appellant's testimony, resulted in an instructed verdict in behalf of appellee. The judgment was rendered in accordance with the verdict exempting appellee from liability on the bond, and dismissing the complaint of appellant, from which is this appeal. For the purposes of the appeal it is agreed between the parties "that the principal to the contract, O. C. Langford, furnished weekly reports during the time of his employment up to and including December 20, 1920, but that none of the reports, after the report for the week of September 13, 1920, show 'stock on hand and in transit,' and that plaintiff failed to notify defendant McCormack of this omission." The court held that the provision in the contract for a weekly report embracing total sales, cash collected, amount outstanding, and stock on hand and in transit, was an essential part of the contract, for the benefit of the sureties in the bond as well as appellant, and that the acceptance by appellant of weekly reports from O. C. Langford which omitted "stock on hand and in transit" amounted to a material change in the terms of the contract without the consent of appellee, thereby discharging him as the surety on the bond. Appellant's contention for reversal is that

the provision of the contract referred to was for the sole benefit of appellant, and that a waiver of same on its part in no way affected the sureties. We cannot agree with learned counsel for appellant in this contention. Had the weekly reports been made in conformity to the contract, it would have reflected, at the end of each week, the exact state of the account between Langford and appellant. Such an account would have served as a check upon Langford and a means for discovering any deficit that might exist in its very inception. A bondsman would naturally rely upon such restrictions in a contract, for they tend to protect him from loss. It cannot be said of a clause in a contract which serves as a protection to a surety that it was for the sole benefit of an obligee in the bond conditioned for the faithful performance of the contract. The weekly reports omitted matter which was necessary in order to ascertain the exact condition of the account between Langford and appellant. Without showing the amount of goods on hand and in transit, it was impossible to determine at the end of any week whether the deficit or shortage existed in fact. In determining the effect upon a surety of a waiver of a stipulation in a contract similar to the stipulation in question by an employer, this court, in the case of *Singer Mfg. Co.* v. *Boyette,* 74 Ark. 600, said: "The stipulation for weekly settlements in this case was an essential part of the contract. The enforcement of it would have made a record of the business transactions of Mrs. Boyette, and lessened litigation as to the same, and would have held her in surveillance, and checked the misappropriation by her of moneys in her hands belonging to the company, and would probably have led to the discovery of any misappropriation of money before it could have assumed considerable proportions. This, doubtless, was the object of the stipulation, and its enforcement would at least have afforded some protection to the sureties on the bond. Plaintiff having, without their consent, acquiesced in the violation and breach thereof, thereby re-

leased and discharged them from all liability on the bond."

Appellant's second and last contention for reversal is that the waiver was not pleaded as a defense. It is true appellee did not interpose the waiver as a defense, in his written answer, but, without objection on the part of appellant, evidence was introduced, and the case tried, upon the theory that appellee had been released as surety because appellant waived the weekly reports required by the contract.

No error appearing, the judgment is affirmed.