4-5731 135 S. W. 2d 313

Opinion delivered January 8, 1940.

*A. D. Whitehead,* for appellant.

*W. G. Dinning,* for appellee.

HOLT, J. Appellant brought this suit in the Phillips circuit court on March 25, 1939, against appellees on a contract entered into between the Gazette Publishing Company, appellant, and Charles W. Stephens, principal, and W. D. Keeshan and L. P. Keeshan, bondsmen or sureties.

The complaint is based upon this contract and is a restatement of it. It alleges the employment by appellant of Charles W. Stephens under the contract to deliver its papers in the Helena, Arkansas, territory, and that for the faithful performance of his duties he was required under its terms to furnish a bond conditioned that he would account to appellant for all amounts that may become due it under this contract of employment, that appellees, W. D. Keeshan and L. P. Keeshan, became sureties or guarantors for the performance of the terms of the contract on the part of Stephens, that among the recitals of the contract, as set out in the complaint, is the following provision: "(3). First party agrees to sell second party, at wholesale price, newspapers which may be by second party sold to customers in said town or towns, payments therefor to be made by second party not later than the tenth day of the month following service rendered."

The complaint further alleges "that in compliance with said written contract it commenced on September 30th, 1938, to furnish and deliver, and did furnish and deliver, newspapers to the defendant, Charles W. Stephens, and continued to furnish and deliver such newspapers up to and including November 30th, 1938; that the defendant, Charles W. Stephens, made payments from time to time for said papers, the last payment being on January 6, 1939, and at that time there was a balance due the plaintiff from the said Stephens of $253.61. An itemized, verified statement of said balance is attached hereto as exhibit 'B' to this complaint." Recovery was sought in the sum of $253.61.

Appellees, W. D. Keeshan and L. P. Keeshan, filed their separate answer in which they denied that they owed appellant any sum under the terms of the contract and bond in question, basing their answer and defense on the provision of paragraph 3 of the contract, set out, *supra*. While they admitted signing said contract and bond, they further alleged "that the contract executed by them required the plaintiff in this cause to make collection in full not later than the 10th day of the month for all amounts that may be due for deliveries made during the preceding month, and these defendants state that provision of the contract was made for the benefit of these defendants, and for their protection, and for the purpose of limiting their liability in any event to the amounts that might be due for any one month." And further "that the plaintiff in total disregard of the provisions of said contract, and in total disregard to its duty to these defendants failed and refused to collect from the said Charles W. Stephens not later than the 10th of every month the amount that was due for the previous month, but permitted said amounts to accumulate and to increase and that by reason of such failure on the part of the plaintiff to perform the provisions of its contract it has forfeited any right now to assert a cause of action or claim against these defendants."

The testimony introduced at the trial is undisputed and at its close both plaintiff and defendant asked the court for an instructed verdict. The court denied ap-

pellant's request, but granted that of appellees and returned a verdict in their favor. From the judgment on this verdict comes this appeal.

Appellant urges here that the trial court committed error in directing a verdict for the appellees on this record, and it is our view that appellant is correct in this contention.

There is no controversy as to the amount due under the contract. Appellees admit signing the contract and bond as sureties and guarantors, but they insist that they are not liable for the reason that appellant has failed to comply with the provisions of paragraph 3 of the contract set out, *supra.*

Appellees interpret this provision of the contract to mean that appellant obligated itself to make collection of all amounts due by the principal, Stephens, for any month on or before the 10th day of the following month and that in the event such collections were not made it was the duty of appellant to notify appellees, the sureties on Stephens' bonds, of default in these payments by Stephens. We cannot agree with this interpretation placed upon the contract by appellees. The contract does not require any such notice. Had appellees, as sureties, desired that such notice be given to them it would have been an easy matter to have embraced it in the contract in question.

Appellees insist that the interpretation of this clause of the contract is governed by the decisions of this court in the following cases: *Furst & Thomas* v. *Rowland,* 188 Ark. 804, 68 S. W. 2d 451; *Athletic Tea Company* v. *McCormack,* 159 Ark. 405, 252 S. W. 7, and *Singer Manufacturing Company* v. *Boyette,* 74 Ark. 600, 86 S. W. 673, 109 Am. St. Rep. 104.

After a careful review of these cases, however, we think they do not control here for the reason that the contract involved in each of those cases specifically requires notice of default and reports at stated times to be made to the sureties; whereas, as said above, no such notice of default nor reports are required under the contract and bond in the instant case from Stephens to

appellant nor were reports required from appellant to sureties.

In *Jones* v. *Gaines,* 92 Ark. 519, 123 S. W. 667, this court held: "The sureties upon a contractor's bond, given to secure the performance of a building contract, were not released because they were not notified of the default of their principal or of his having abandoned the work, where the bond did not require that such notice be given to the sureties."

And in *First National Bank of Helena* v. *Solomon,* 170 Ark. 555, 280 S. W. 659, it is said: "The circumstances under which the contract of guaranty was executed makes it an original obligation and the liability of the signers absolute and unconditional. . . . The facts of this case bring it within the general rule that mere delay by a creditor to collect of the principal debtor, or to proceed against a fund pledged by him for the payment of the debt, will not exonerate the surety or affect his liability."

The rule is stated in 50 C. J. 170, par. 276, by the textwriter, as follows: "A surety is not discharged from further liability, generally, upon failure of the obligee to notify him of his principal's default, where the suretyship contract contains no stipulation that such notice shall be given."

Again in *Wilkerson* v. *Crescent Insurance Company,* 64 Ark. 80, 40 S. W. 465, 62 Am. St. Rep. 152, this court held (quoting headnote): "The surety on the bond of an insurance agent conditioned for the performance of his duties is not released from liability by the failure of the insurance company to advise the surety that his principal was in default for three years after learning of the same." And further in the opinion this court said: "The inaction of the creditor will not discharge the surety unless it amounts to fraud or concealment, for the surety is bound to inquire for himself, and cannot complain that the creditor does not notify him of the state of the accounts of his agent for which the surety is liable. *Watertown Fire Ins. Co.* v. *Simmons,* 131 Mass. 85, 41 Am. Rep. 196."

The judgment of the circuit court is therefore reversed, and judgment is entered here for the amount of the indebtedness as stated in the complaint, $253.61, with interest from the date of suit.