

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

April 7, 1950

Hon. Wm. L. Taylor
Prosecuting Attorney
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. V-1038.

Re: Authority of the Commission-
ers' Court to determine the
material to be recorded in
the minutes of its meetings
and related matters.

You have requested an opinion on the following questions:

"(1) Can the Commissioners' Court by a majority vote refuse to include certain occurrences at a meeting when the occurrences unquestionably happened while the meeting was in progress?

"(2) Can the court, after holding special meetings without notifying the County Clerk, or any of his deputies, and without their knowledge, compel the clerk, who must attest the minutes, to record said minutes?"

The facts submitted by you with reference to your first question are substantially as follows:

At a meeting of the Commissioners' Court minutes of a prior meeting were presented to the Court for approval. These minutes contained certain objections of one of the Commissioners to an order passed by the Commissioners' Court at such meeting. The majority of the Court voted to exclude these objections.

Section 18 of Article V of the Constitution of Texas provides in part:

"Each county shall in like manner be divided into four commissioners' precincts in each of which there shall be elected by the qualified voters thereof one county commissioner, who shall hold his office for two

years and until his successor shall be elect-
ed and qualified. The county commissioners
so chosen, with the county judge, as presid-
ing officer, shall compose the county commis-
sioners court, which shall exercise such pow-
ers and jurisdiction over all county busi-
ness, as is conferred by this Constitution
and the laws of this State, or as may be here-
after prescribed."

Articles 2345 and 2349, V.C.S., provide:

"Art. 2345 . . .

"The county clerk shall be ex-officio
clerk of the commissioners court; and he shall
attend upon each term of said commissioners
court; preserve and keep all books, papers,
records and effects belonging thereto, issue
all notices, writs and process necessary for
the proper execution of the powers and duties
of the commissioners court, and perform all
such other duties as may be prescribed by law."

"Art. 2349 . . .

"The court shall require the county clerk
to keep suitable books in which shall be re-
corded the proceedings of each term of the
court; which record shall be read and signed
after each term by the county judge, or the
member presiding and attested by the clerk.
The clerk shall also record all authorized
proceedings of the court between terms; and
such record shall be read and signed on the
first day of the term next after such proceed-
ings occurred."

In construing the above quoted statutory provi-
sions it was held in Attorney General's Opinion No.
0-6318, dated January 5, 1945, that:

"It is uniformly held that the Commis-
sioners' Court is a court of record. Gano v.
Palo Pinto County, 8 S.W. 634; Bradford v.
Moseley, 223 S.W. 171. Article 2349 above
quoted necessarily makes it so. Any court
whose proceedings are required by law to be

recorded in minutes or books kept for that purpose is a court of record.

"The word 'proceedings' is used herein in its ordinary sense, and means the official functions of the court. Such functions are not limited to any particular class of functions, but on the contrary they include every official act done by the members of the court in the course of their sitting. This would include a pertinent motion made by any member of the court in the course of passing a resolution or order whatsoever. Such motion is an integral part of the resolution or order. Furthermore, a motion made by a member of the court duly in session is itself a 'proceeding' in the regular and ordinary way, and, we think, should be entered upon the minutes, whether such motion receives a second or not. In parliamentary usage in such a case the motion is lost for want of a second, and is thus effectually disposed of.

"A good reason is easily assigned, if reason for the statute were required, why such proceedings should be made a matter of record. The Commissioners' Court is a court of general jurisdiction in this State, and as we have seen, is a court of record. It is a court of tremendous importance, since it has jurisdiction over the county affairs of the county. The public has a deep concern with the official acts of such court, and its proceedings therefore are of such importance as that an accurate record should be kept for the general information of the public concerned. Moreover, while it sometimes happens that the failure to make a minute of certain proceedings is not fatal to the validity of the same (See Lands v. State, 131 S.W. (2) 321), and that the validity of an order properly passed is susceptible of proof, and the order may be proved by oral testimony (Mecom v. Ford, 252 S.W. 491), nevertheless, the statutory requirement for duly recorded minutes, attested by the proper officers, is the safer way, and matters of such importance should not be left to the difficult and sometimes uncertain method of proof dehors the record.

"It does not follow from what we have said that reasons given by a commissioner in voting upon a proposition submitted to the court should be entered in the minutes -- they are not within the requirements of the statute -- for they constitute no part of the court proceedings, as do the motion, the vote and the order." (Emphasis supplied)

In view of the foregoing it is our opinion in answer to your first question that the Commissioners' Court cannot remove from the minutes of the meeting of the Commissioners' Court those occurrences which constitute a part of the "court proceedings" such as motions presented to the court, votes of the members of the Commissioners' Court on the motions, and orders passed. The Commissioners' Court may however exclude from its minutes any discussion made by the members in favor of or against any motion before the court.

Your second question involves "some special meetings which the court held without notifying the clerk, or any of his deputies, and without the knowledge of the clerk or any of his deputies."

The general rules governing the records of the Commissioners' Court are well stated in 11 Tex. Jur. 570-572, Counties, Secs. 41 and 42, as follows:

"The commissioners' court is required to record upon suitable books the proceedings of each term of court; and the minutes are required to be read over and signed by the county judge or the member presiding and attested by the clerk. All authority exercised by the court must be evidenced in that manner. It is not necessary that a single book shall contain the record of the court's proceedings; various books may be kept in which proceedings relating to particular matters may be properly recorded. Each book kept and used for this purpose is, within the meaning of the law, a minute-book, and the entries therein made are minutes.

"Commissioners' courts are courts of record, and they must authenticate all official acts, if such authentication is required, by a seal prescribed by statute."

"The requirement that every official act
of the commissioners' court shall be evidenced
by an order entered upon the minutes of the
court has been modified to the extent that
where an order is shown to have been actually
made by the court, and has been acted upon,
the omission of the clerk to record the order
will not render it or the acts done in pursu-
ance thereof void. Although an order of the
commissioners' court has never been entered
upon the court's minutes, it may nevertheless
be proved by parol evidence and given effect.
The rule is necessarily different where an
order is required by the terms of a special
statute to be entered of record, or where a
general statute declares that such order shall
be void unless recorded. It is held that the
evidence to establish a contract must be con-
tained in the written proceedings of the
court. However, if the court fails to place
an order upon the minutes at the time when
it is made, as required by law, the order may
be entered upon the minutes at a subsequent
regular or special session."

In Attorney General's Opinion No. 0-6423, dat-
ed May 12, 1945, it is stated:

"It has been held that the provisions of
the statutes hereinabove referred to making
it the duty of the county clerk, either in per-
son or by deputy, to record the proceedings
of each term of the commissioners' court are
directory only and not mandatory, and that
the failure of the county clerk or his dep-
uty to perform such services will not invali-
date the orders and proceedings of the com-
missioners' court insofar as they affect pub-
lic or private rights. However, it was not
intended that the statutory provisions requir-
ing the county clerk to attend upon and record
the proceedings of each term of the commis-
sioners' court should be disregarded." (Em-
phasis ours.)

As pointed out above, "it was not intended that
the statutory provisions requiring the county clerk to
attend upon and record the proceedings of each term of
the Commissioners' Court should be disregarded." In the

instant case, however, the county clerk was not disregarding such statutory provisions for the clerk was not notified of the "special meeting," under the facts submitted.

It is stated in 4 Words and Phrases (Perm. Ed.) 775, that the term "attestation" implies the presence of some person who stands by but is not a party to the transaction. The term "attest" is defined in 7 C.J.S. 691, Attest, as follows:

"The term comes from the two Latin words 'ad' and 'testari', which mean literally to witness to or to bear witness; and it has been said that the notion associated with the word, both in its technical and nontechnical use, is that of observation and subscription; and that, although sometimes characterized as not having a sufficiently definite signification, yet it naturally takes some of its force from context and purpose, although 'attest' inherently betokens a solemn personal act of authentication of genuineness. In the present tense, the word has been defined as meaning to act as a witness to, to bear witness to a fact, to certify to the verity of a copy of a public document formally by signature, to make a solemn declaration in words or writing to support a fact, or to signify by subscription of his name that the signer has witnessed the execution of the particular instrument; to affirm to be true or genuine; to bear witness to; to certify; to subscribe; to testify; to vouch for; to witness; to witness the execution of a written instrument, at the request of him who makes it, and subscribing the same as a witness. It has been said that the word is appropriately used for the affirmation of persons in their official capacity to test the truth of a writing, and that it is the technical word by which, in the practice of many states, a certifying officer gives assurance to the verity of a copy." Citing Lindsey v. Realty Trust Co., 75 S.W.2d 322 (Tex. Civ. App. 1934, reversed on other grounds 129 Tex. 562, 105 S.W.2d 210, 1937).

In view of the foregoing it is our opinion that it is impossible for the county clerk to attest to a pro-

ceeding of the Commissioners' Court which he did not attend, and the law does not require him to perform such an act.

The next question for our determination is whether it is the duty of the county clerk to record minutes of the Commissioners' Court which have not been attested.

The courts of this State in construing the provisions of Article 2349 above quoted have stated that the county clerk is required by the provisions of Article 2349 to attest to and record the minutes of the Commissioners' Court, but his failure to record such minutes will not invalidate the orders of the Commissioners' Court not recorded or attested. Mecom v. Ford, 113 Tex. 109, 252 S.W. 491 (1923); Ewing v. Duncan, 81 Tex. 230, 16 S.W. 1000 (1891); Fayette County v. Krause, 73 S.W. 51 (Tex. Civ. App. 1903, error ref.); Woods v. Eberling, 169 S.W. 932 (Tex. Civ. App. 1914, error dism.); Brown v. Reese, 67 Tex. 318, 3 S.W. 292 (1887); Marshall v. Simmons, 159 S.W. 89 (Tex. Civ. App. 1913); Watson v. Dewitt County, 46 S.W. 1061 (Tex. Civ. App. 1898, error ref.); Rankin v. Noel, 185 S.W. 883 (Tex. Civ. App. 1916).

The court held in Rankin v. Noel, supra:

"The rule formerly prevailed that contracts or agreements made by municipal corporations, county or city, are only valid and binding when entered upon the minutes. This rule has been modified. Fayette County v. Krause, 31 Tex. Civ. App. 569, 73 S.W. 51. The modification is that where an order has been passed, the omission of the clerk to record it will not render it void. If an order is in fact passed by a commissioners' court, the failure to record it would not affect its validity under our decisions. But it would be necessary to prove the passage of the order before it could have any effect. Ewing v. Duncan, 81 Tex. 230, 16 S.W. 1000. A mere conference by the commissioners and a verbal agreement to do a certain thing without a vote being taken would not constitute an order and would not be valid. There must

be an order voted by the commissioners. Fay-
ette County v. Krause, herein cited. In
speaking of the modification of the rule as
set out in Ewing v. Duncan, the Court of Civ-
il Appeals said:

"'Whatever may be the extent to which
those decisions modify the rule as to the ne-
cessity for the entry in the minutes of or-
ders made by a commissioners' court, they in
no way modify the rule that all contracts
made by a county, to be valid and binding,
must be made by or under authority of an or-
der of the commissioners' court.'"

In Watson v. Dewitt County, supra, the court
allowed admission in evidence of an order of the Commis-
sioners' Court which was recorded in its minutes but
not attested by the clerk, the court stating that the
statute (Art. 2349) "requiring the clerk to attest the
minutes is directory only and they should not have been
rejected because not so attested."

In view of the foregoing it is our opinion that
the County Clerk as ex-officio clerk of the Commission-
ers' Court has the duty under the provisions of Article
2349 to record the minutes of the Commissioners' Court
regardless of whether such minutes bear his attestment.

## SUMMARY

The Commissioners' Court is authorized to
exclude from its minutes debates in favor of
or against motions before the court, but may
not exclude occurrences which constitute a
part of the "court proceedings" such as mo-
tions made, votes on the motions, and orders
passed. Tex. Const., Art. V., Sec. 18; Arts.
2345, 2349, V.C.S.; A.G. Opinion No. O-6318,
dated January 5, 1945.

The county clerk is not required to at-
test minutes of a meeting of the Commission-
ers' Court of which he had no notice or know-
ledge and did not attend, but it is his duty
to record such minutes under the provisions
of Article 2349, V.C.S. 11 Tex. Jur. 570.

572, Counties, Secs. 41 and 42; 4 Words and Phrases (Perm. Ed.) 775; 7 C.J.S. 691, Attest; Lindsey v. Realty Trust Company, 75 S.W. 2d 322 (Tex. Civ. App. 1934, reversed on other grounds 129 Tex. 562, 105 S.W.2d 210, 1937); Rankin v. Noel, 185 S.W. 883 (Tex. Civ. App. 1916); Watson v. Dewitt County, 46 S.W. 1061 (Tex. Civ. App. 1898, error ref.); A.G.Opinion No. 0-6423, dated May 12, 1945.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

By *John Reeves*
John Reeves
Assistant

Charles D. Mathews
Executive Assistant

JR:bh