PROVINCE *v.* DEAN.

5-373                    266 S. W. 2d 812

Opinion delivered April 12, 1954.

*Percy A. Wright,* for appellant.

*Claude F. Cooper,* for appellee.

MINOR W. MILLWEE, Justice. Appellants listed their five-room brick home with appellee, T. F. Dean, a real estate broker, on January 16, 1952. The listing was exclusive, of 90 days duration, and provided for the usual 5% commission to the broker in the event of a sale within that period. The property was sold to a Mrs. Chism on April 12, 1952, for $11,000 in cash and certain property valued at $7,000. Dean and appellee, Kemp Whisenhunt, another real estate broker, who allegedly found the purchaser for the property, brought this action against appellants, seeking to recover the 5% commission provided for in the contract. The verdict and judgment were in favor of appellees for $850.

The testimony of the opposing parties is sharply conflicting. Viewing the testimony, as we must, in the light most favorable to appellee, the facts are these:

Whisenhunt had recently found a buyer for a brick house similar to appellants', so appellant, J. W. Province, called him and told him about the property appellants had listed with Dean. Whisenhunt told them he might have some prospective buyers and that if he sold the house before Dean's listing expired, he and Dean would split the commission; appellants were to give Whisenhunt an exclusive listing after Dean's listing expired.

Whisenhunt found a prospective buyer, Mrs. Chism, and showed her the property, quoting a price of $18,000. Mrs. Province helped show the house to Mrs. Chism and Mr. Jones, who was to finance the transaction for her. Mrs. Chism made a contract of sale with appellants on

April 5, 1952, and the deed transferring the property was executed April 12, 1952.

After the contract of sale was made, and before the deed was executed, Mr. Jones went to Mr. Dean and gave him $100, saying that Dean was "getting the run-around." It is at this point that the parties' testimony most widely differs. Dean testified that he accepted the money, but stated positively to Mr. Jones that he still expected his commission. Jones testified, by deposition, that the $100 was paid for the relinquishment of Dean's listing contract.

Appellants contend that the trial court should have declared a mistrial because of misjoinder of parties plaintiff. They argue that any contractual rights of the appellees are several and not joint. Appellants at no time prior to judgment called this objection to the attention of the court, and misjoinder of parties is first urged in their motion for new trial. It is unnecessary to determine whether appellees were properly joined as plaintiffs in this action under Ark. Stats., 27-806 which recites: "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. . . ." As stated in 39 Am. Jur., Parties, § 119: "It appears to be quite generally held that objection to a misjoinder of parties plaintiff should be interposed before judgment, otherwise, it is deemed to be waived, especially where no prejudice could arise to the defendant from the alleged misjoinder. After a judgment has been entered in favor of several plaintiffs, an objection that one of the plaintiffs had no interest in the action and was therefore improperly joined cannot be successfully urged. Such an objection cannot be taken advantage of in a reviewing court." See also, 67 C. J. S., Parties, § 133. If there was a misjoinder of parties plaintiff in the case at bar, it was clearly waived by a failure to raise it in the proper time and manner.

Next appellants contend that the court erred in submitting to the jury an improper form of verdict in which they were to find, if they found for the plaintiffs, in an amount equal to 5% of $18,000.00. It is argued that there was conflicting evidence as to what the property sold for and that this was a question for the jury. It should be noted that the verdict of the jury was apparently for 5% of $17,000.00 and not 5% of $18,000.00 as contended by appellants; and we are unable to ascertain from the record whether the amount of $850.00 was written in by the court or the jury. There was no objection to any instruction given. Nor was there any objection to the form of the verdict until the motion for a new trial. We have held that such an objection must be made when the jury is directed to return a verdict, and that an objection made for the first time in the motion for new trial comes too late. *Garst* v. *General Contract Purchase Corp.*, 211 Ark. 526, 201 S. W. 2d 757.

Appellants also insist that the court abused its discretion in refusing to grant them a new trial on the grounds of newly discovered evidence. In this connection appellants alleged in the motion for new trial, "that since the trial of this cause they have discovered new evidence which was not known to them at or prior to the trial of this cause and which evidence is invaluable to them in the proper defense of this case." There is no statement in the motion for new trial, or anywhere else in this record, as to the nature of the alleged newly discovered evidence, and nothing to indicate whether it meets the requirements laid down by this court. Nor is the allegation of appellants' motion sustained by "affidavits or other competent testimony" as required by Ark. Stats., § 27-1905. The failure to meet this statutory requirement justified the overruling of the motion for new trial on the ground of newly discovered evidence. *Jones* v. *Gaines*, 92 Ark. 519, 123 S. W. 667; *Mangrum* v. *Benton*, 194 Ark. 1007, 109 S. W. 2d 1250.

It is also argued that there is no substantial evidence to support the verdict. In our opinion the evidence offered by appellees was sufficient to sustain a finding by

the jury that there existed a valid contract, never released, under which the appellants were obligated to pay appellees the amount recovered.

The judgment is affirmed.