FIRST NATIONAL BANK OF HELENA *v.* SOLOMON.

Opinion delivered February 22, 1926.

1. GUARANTY—ABSOLUTE UNDERTAKING.—An a g r e e m e n t to indemnify a bank against any loss it may sustain by extending credit within a certain limit to a designated company is an absolute undertaking, which renders the indemnitors liable on the failure of the company to pay the debt evidenced by a note or renewal thereof, and it was not essential that suit be commenced against the principal debtor and the claim reduced to judgment.

2. GUARANTY—RIGHT TO NOTICE.—The guarantor of a promissory note whose name does not appear on the note is bound without notice where the maker of the note was insolvent at its maturity, unless he can show that he has sustained some prejudice by want of notice of a demand on the maker of the note and notice of nonpayment.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; reversed.

### STATEMENT BY THE COURT.

This was an action in the circuit court by appellant against appellees to recover on a contract of guaranty which is as follows:

"Know All Men by These Presents: Whereas, the undersigned are jointly interested in the Arkansas Crushed Stone Company, and whereas, it is necessary for the conduct of the business of the said Arkansas Crushed Stone Company that moneys be borrowed, and whereas arrangements have been made with the First National Bank of Helena, Arkansas, for a line of credit not to exceed the total amount of fifteen thousand dollars ($15,000) to be evidenced by note or notes, executed in the name of the Arkansas Crushed Stone Company by Amos Jarman, its president:

"Now, therefore, in consideration of the premises, and extension of such credits by the said First National Bank, we and each of us hereby indemnify said bank from any loss it may sustain by reason of the extension of said credit, and hereby and herewith bind ourselves jointly and severally for the payment of any note or notes or renewals thereof executed to the said First National Bank for the Arkansas Crushed Stone Company by the said Amos Jarman, its president, together with interest thereon as specified in said notes.

"Provided only, that the total amount of our liability at any time shall be only fifteen thousand ($15,000) with interest thereon as may be specified in the notes evidencing said amounts, but intending this guaranty to constitute a continuing guaranty for the amount of fifteen thousand dollars and interest as above set out. In witness whereof we have affixed our hands this the 27th day of January, 1920.

(Signed) "Amos Jarman, R. B. Campbell, B. D. Schrantz, J. I. McRee, D. Solomon, E. D. Morton."

Pursuant to the terms of the guaranty contract, on the 2d day of February, 1920, the Arkansas Crushed Stone Company, by Amos Jarman, executed to the First National Bank a note for $15,000, payable four months after date, with interest at the rate of 8 per cent. per annum until paid. On May 2, 1920, renewal note was executed, signed "Arkansas Crushed Stone Company, by Amos Jarman." The renewal note was not paid at maturity, and on September 3, 1920, another renewal note for $15,000 was signed, "Arkansas Crushed Stone Company by Amos Jarman." This note was also payable four months after date, with interest at the rate of 8 per cent. per annum until paid. Amos Jarman died in November, 1920, before this note became due. Subsequent to his death renewal notes for said indebtedness were executed and signed, "Arkansas Crushed Stone Company, by R. B. Campbell." The last of these renewal notes was dated October 31, 1921, and due ninety days after date. None of these notes were ever paid, and the amount for which they are executed represents a loan made by the First National Bank to the Arkansas Crushed Stone Company. There is now due the bank the sum of $15,000 and interest from November 1, 1921, at 8 per cent. per annum. The bank did not know whether the Arkansas Crushed Stone Company was a corporation or a joint stock association. The loan was made upon the contract of guaranty. Neither the note executed by Amos Jarman nor the one executed by R. B. Campbell for the Arkansas Crushed Stone Company has been paid, and both of these notes are now in the hands of the bank. R. B. Campbell has died since the execution by him of the renewal note of October 31, 1921. The estates of R. B. Campbell and Amos Jarman are insolvent.

According to the evidence, David Solomon, John I, McRee, B. D. Schrantz, and E. D. Norton signed the contract of guaranty, at the request of R. B. Campbell and Amos Jarman. Campbell and Jarman were promoters of a corporation which was to be organized, and the signers of the guaranty were subscribers for stock in the pro-

posed corporation. The corporation was never organized, and R. B. Campbell and Amos Jarman carried on the business for which it was to be organized, and none of the signers of the contract of guaranty authorized the First National Bank to accept the note of the Arkansas Crushed Stone Company, signed by R. B. Campbell. The signers of the guaranty contract did not receive any notice of the claim of the First National Bank under the contract against them until in May, 1922. The First National Bank was not notified that there were any conditions whatever attached to the contract of guaranty.

At the conclusion of the testimony the court instructed the jury to return a verdict for appellees; and, to reverse that judgment, this appeal has been prosecuted.

*Brewer & Cracraft* and *W. G. Dinning,* for appellant.

*Moore, Walker & Moore* and *J. G. Burke,* for appellee.

HART, J., (after stating the facts). Appellant was the plaintiff in the circuit court, and its counsel asks for a reversal of the judgment on the ground that the circuit court erred in not instructing a verdict in its favor.

In this contention we think counsel are correct. Under the rule announced in *Friend* v. *Smith Gin Co.,* 59 Ark. 86, and *Bank of Morrilton* v. *Skipper, Tucker & Co.,* 165 Ark. 49, the contract of guaranty was absolute, and carried with it all the liability of an original undertaking. It follows that, the contract of guaranty being an original undertaking by the signers thereof to pay the debt of the Arkansas Crushed Stone Company, the liability of the signers matured upon the failure of the Arkansas Crushed Stone Company to pay the note or the renewals thereof which it executed to the First National Bank, and it was not essential that suit be commenced against the Arkansas Crushed Stone Company and the claim reduced to judgment before suit could be brought against the guarantors.

Amos Jarman and R. B. Campbell were insolvent, and the record shows that they had entire charge of the

business of the Arkansas Crushed Stone Company. They had intended to organize it as a corporation, and the other signers of the contract of guaranty were subscribers of stock in the contemplated corporation. It is not important for the purposes of this decision to determine whether all of the signers of the contract of guaranty became partners in the business conducted under the name of the Arkansas Crushed Stone Company, for their liability in the present case is measured by the terms of the contract of guaranty.

In making the loan to the Arkansas Crushed Stone Company, the First National Bank relied entirely upon the terms of the guaranty. The names of the guarantors were not signed to the note, and the contract of guaranty which was signed by them was written upon a separate piece of paper before the note was ever executed. So it will be seen that the circumstances under which the contract of guaranty was executed makes it an original obligation and the liability of the signers absolute and unconditional.

The rule is well settled that the guarantor of a promissory note, whose name does not appear on the note, is bound without notice, where the maker of the note was insolvent at its maturity, unless he can show that he has sustained some prejudice by want of notice of a demand on the maker of the note and notice of nonpayment. *Reynolds* v. *Douglas,* 12 Pet. (U. S.) 497.

In the case before us there is no pretense that appellees have sustained any injury from the neglect of appellant to sue the maker of the note sooner. The facts of this case bring it within the general rule that mere delay by a creditor to collect of the principal debtor, or to proceed against a fund pledged by him for the payment of the debt, will not exonerate the surety or affect his liability. There is nothing in the contract of guaranty which required the bank to proceed with diligence to collect from the principal debtor. The contract of guaranty was not entered into for the benefit of the Arkansas

Crushed Stone Company or the signers thereof, but was executed for the benefit of the First National Bank. By the terms of the contract of guaranty, appellees bound themselves absolutely to pay any note or notes to the amount of $15,000, which might be executed to the First National Bank for the Arkansas Crushed Stone Company by Amos Jarman. It is true that, after the death of Amos Jarman, a renewal note was executed in the name of the Arkansas Stone Company by R. B. Campbell, but the bank still retained the note signed by Amos Jarman for the Arkansas Crushed Stone Company, and the execution of the renewal note by R. B. Campbell did not have the effect to discharge the original indebtedness. The contract of guaranty was to pay the note or notes of the Arkansas Crushed Stone Company to the First National Bank, and it did not make any difference whether that concern was a corporation or a partnership composed of Amos Jarman and R. B. Campbell, or a joint stock association composed of all the signers of the contract of guaranty.

The result of our views is that the court erred in not directing a verdict for the appellant, and for that error the judgment must be reversed, and the cause remanded for a new trial.