MECHANICS' LUMBER COMPANY *v.* YATES AMERICAN MACHINE COMPANY.

Opinion delivered March 24, 1930.

416

*Cravens & Cravens*, for appellant.

*Clinton R. Barry*, for appellee.

MEHAFFY, J. This action was begun by appellee to recover on a written contract for goods and machinery sold and delivered to appellant by appellee. A copy of the contract sued on is attached to complaint, and made a part thereof.

Appellant filed answer denying the material allegations of the complaint. He admitted the execution of the contract sued on, but stated that on the same date, at the same time, and as a part of the same transaction and contract, he entered into a written contract with appellee by which appellee sold him No. 2 4-in. x 8-in. Yates American Sash Clamp Figure 8855, single motion clamp with sash attachment, nearly new, at and for the price of $260 to be in fine running condition with all regular equipment; a copy of which contract is attached to appellant's answer, and made part thereof. Appellant further alleged in its answer that at the time plaintiff's representative, H. J. Flanders, called upon it

on March 14, 1928, and induced it to purchase machine as described in appellee's exhibit "A" and appellant's exhibit "A," the appellant declined and refused to purchase said machine or any part thereof unless it could be assured that the contract marked exhibit "A" to appellant's answer should be considered a part of the purchase contract, and that appellant should be assured of the sale and delivery of the machine mentioned in its exhibit "A", otherwise it refused to purchase any of the said machinery, and that thereupon the appellee's representative, H. J. Flanders, sent to it the following telegram: "C93 13 Collect XU-Fort Smith, Arkansas 14 150P Yates American Machine Company Beloit, Wisconsin. Advise if rebuilt item naught seven naught four four available answer quick. Signed H. J. Flanders." To which the said representative of appellee received the following reply: "Beloit, Wisconsin, March 14, 1928 2:55 P.M. H. J. Flanders, Fort Smith, Arkansas, Retel item No. 07044 Clamp is available. Signed, Yates American Machine Company." Which telegram from Flanders to the Yates American Machine Company was shown to the appellant, also reply telegram, whereupon the contract for the sale of all of the machinery as shown in appellee's exhibit "A" and appellant's exhibit "A", were entered into upon the assurance by the duly authorized representative of the appellee, H. J. Flanders, that the contract for the sale of said machine would be considered as one contract although evidenced by two different writings. It was further alleged in the answer, that it was understood, and so placed in said contract, that the order should be rushed, and that the same rush order applied to appellant's exhibit "A", but that appellee in shipping the machinery described in its exhibit A failed to ship the two motors described therein, and delayed shipping the same for some five or six weeks, thereby preventing the appellant from the use of said machinery for said period of time, to its damage in the sum of $100, and that when the one No. G-44 cut off saw

418

motor was received by appellant, it was found to be defectively wired, which defects the appellant had to have remedied at an expense of $................, a reasonable charge therefor, and further deprived the appellant of the use of said machine until the same could be properly conditioned, to the appellant's damage in the sum of $100, and that the appellee failed and refused to ship the Yates American Sash Clamp Machine with equipment as described in appellant's exhibit "A", which was sold to the appellant for the price of $260, and that, upon the failure of the appellee to ship said machine and equipment, the appellant was advised by the appellee, that such a machine as the appellant had purchased could not be furnished for less than $560, which was $300 in excess of the sale price made by the appellee to the appellant, and said machine at the time the appellee refused to ship same to the appellant was of the reasonable value of $560 to its damage in the sum of $300, and that appellant later had to go into the market to purchase such a clamp sash machine as it had contracted to purchase from the Yates American Machine Company, and paid therefor $480, but that said machine so purchased was not of the same quality or value as the machine appellant had contracted to purchase from the appellee, and was worth $80 less than said machine, and could not be delivered at the time the appellant was advised by appellee it would not ship the sash clamp machine sold by it to appellant; that at the time of the purchase of said sash clamp machine from the appellee, appellant advised appellee's representative that it had at that time certain large contracts which required the manufacture of a large bill of sash and doors, and that said machinery was needed by said appellant at once in the manufacture of said required stock, and upon the failure of the appellee to ship said machine the appellant was required to manufacture said sash and doors which it had contracted to deliver, by the use of hand clamp machines, which made said sash and doors cost said appellant in filling the orders which had

already been contracted for and which the appellee had been advised had been contracted for, in excess of what it would have cost, had the sash clamp machine ordered from the appellee been delivered, in the sum of $500. Appellant admits that it is indebted to appellee in the sum of $1,181 less the amount it claims to have been damaged, and tenders into court the sum of $181 and accrued costs.

The appellant introduced evidence supporting the allegations of its answer.

Appellant contends first that the court should have directed a verdict for it, for the reason that it denied in its answer that appellee was a corporation, and no proof was offered to establish the fact that it was a corporation, and also for the reason that there was no proof that the appellee ever approved or accepted the order for new machinery, and offered no proof as to the value of the machinery shipped. The denial that appellee is a corporation is in substance the same words as the denial in *Loose-Wiles Biscuit Co. v. Jolly,* 152 Ark. 442, 238 S. W. 613, and the court there said: "The effect of this allegation is not to deny that defendant is a corporation, but to deny that it is organized and doing business under the laws of the State of Missouri." Besides, in this case the appellant dealt with the appellee as a corporation, and sought to recover damages in the case against it as a corporation, and would therefore be estopped from denying that it was a corporation. *Wesco Supply Co. v. Smith,* 134 Ark. 23, 203 S. W. 6; *Jones v. Dodge,* 97 Ark. 248, 133 S. W. 828, L. R. A. 1915 A, 472; *Searcy v. Yarnell,* 47 Ark. 269, 1 S. W. 319.

Appellant claims that it was entitled to an instructed verdict also because the contract for new machinery does not show that it was ever accepted by appellee or any one duly authorized to act. A sufficient answer to this contention is that appellant signed the order, and the goods described in the order were shipped to appellant and accepted and retained by it and one-third of

the contract price was paid in cash. We therefore, do not think that there is any merit in this contention of appellant.

Appellant's next contention is that the court erred in directing a verdict for the appellee. It is contended that the two orders for machinery constituted one contract. It is argued that the only apparent reason for the contract to be evidenced by two separate writings is the fact that appellee's agent had two forms of contracts, one for the sale of new machinery and the other for the sale of second-hand machinery, and that proof offered upon the part of appellant shows conclusively that appellant refused to enter into the contract unless he could have the goods described in both contracts, and that thereupon the appellee's agent sent the telegram set out above and received the reply set out above and showed them both to appellant, but the order signed by appellant upon which the goods were shipped showed on its face that it was a mere proposal by the appellant, and subject to the approval of the appellee at its office in Chicago, Illinois. Each of the orders or contracts contains this provision. The appellant was therefore bound to know when he signed these orders that they were not binding on appellee until approved by it at its office in Chicago. It is true that the fact that a contract was evidenced by two different writings would not necessarily constitute two different contracts, but in the instant case we think it clear that there were two separate, distinct proposals, and, if accepted in the office in Chicago, would have been two separate contracts. The first case relied on by appellant is *Vaugine* v. *Taylor*, 18 Ark. 65. In that case, however, the court said: "Does the agreement made between Wilson and the heirs of Vallier by reference and recitation become a part of the deed from the heirs of Vallier to Wilson, so that, in construing the one, we may legitimately consider the other, or, in other words, should they properly be construed together for the purposes of this suit?" It appears therefore that, by ref-

erence and recitation, one of the contracts referred to the other, and it also appears that each instrument related to the same subject-matter. In the instant case, there is no reference in either instrument to the other, and the subject-matter is wholly different.

The next case referred to, that of *Pillow* v. *Brown,* 26 Ark. 249, appellant quotes from p. 249 of said opinion. The quotation itself, however, shows conclusively that the connection between the two transactions is established by their contents, without any necessity of referring to other matter to connect them together, and they will be taken as one entire agreement. If the instruments in the instant case referred to each other so as to show that they did constitute one contract, there would be a wholly different case here. There is no evidence, that any knowledge of the conversation or statements made between appellant's representative and the representative of appellee were ever made known to the appellee. Appellee's salesman only took orders. The orders signed by appellants themselves show that no sale was made until it was approved at the home office in Chicago. In other words, that the salesman had no right to consummate the sale.

"Where two or more written statements are executed on the same day and relate to the same subject-matter, and one refers to the other, the presumption is that they evidenced but a single contract; but it does not necessarily follow that this is the fact." 13 C. J. 530.

As we have already said, these two instruments do not relate to the same subject-matter, and neither of them referred to the other. Besides, these instruments referred to different transactions—one of them for the purchase of certain new machinery, and the other for the purchase of second-hand machinery. If both instruments related to the same subject-matter, and either referred to the other, they might be considered and interpreted together.

"But construing contemporaneous instruments together means simply that, if there be any provisions in one instrument limiting, explaining or otherwise affecting the provisions of another, they will be given effect as between the parties themselves, and all persons charged with notice, so that the intent of the parties may be carried out, and that the whole agreement actually made may be effectuated. This does not mean that the provisions of one instrument are imported bodily into another contrary to the intent of the parties. They may be intended to be separate instruments and to provide for entirely different things." 6 R. C. L. 852.

We agree with the principles contended for by appellant that where two or more instruments are executed at the same time, relative to the same subject-matter, and one refers to the other either tacitly or expressly, they are to be taken together and construed as one instrument. Appellant calls attention to many authorities in support of this rule. We do not, however, think they apply in this case, because each contract in this case, or each instrument, was separate and complete, and neither referred to the other in any way. Moreover, there is no evidence that the appellee ever had any notice before the completion of the sale that appellant contended that the two had any connection. Appellant is correct in his contention that contracts may be made by telegrams and letters, and this court has several times held that, when so evidenced, it is the duty of the court to interpret the contract and declare its terms. In the instant case, however, the only telegrams introduced was a telegram from the appellee's salesman to appellee, and a reply to that telegram. In other words, an exchange of telegrams between appellee and its salesman, and these do not purport to make a contract. The contract sued on is plain and unambiguous, and both parties are bound by its terms, and it would serve no useful purpose to review the authorities to which attention has been called by the parties. If the second contract had been

executed, if it had been accepted at the Chicago office, then it would have been binding, and the appellant would have been entitled to damages for its breach, but the contract on its face shows that Flanders signed it as salesman for the Yates American Machine Company, stating on the contract itself that it was subject to approval at appellee's office in Chicago. Until accepted, neither of the instruments could be sued upon by either party, and neither party is entitled to damages for breach of a contract which has not been made. In this instance, each had not been accepted by the office in Chicago. Appellant contends that he had the agreement with the salesman, but, after he claims that agreement was made, he signed the separate orders, and in neither was there any suggestion that it was dependent on any other contract or any circumstances not stated in the contract, but the contract signed by appellant contains the following statement: "In case of rejection or return of the property for any reason whatsoever, the purchaser waives all claims, demands and charges against the seller except to claim recovery of purchase money paid; that a retention of the property forwarded after thirty days from the date of arrival shall constitute an acceptance, by a conclusive admission of the truth of all representations made by or for the consignor, and void all its contracts of warranty, express or implied." This is a plain, unambiguous statement, binding on both parties. The appellant might have put in the contract a condition that it was not binding unless the goods mentioned in the other order were shipped, but he did not do so. The contract also contains the following statement: "It is agreed that this contract is not modified or added to by any agreement not expressly stated herein." This statement was in the contract signed by appellant. No matter what the conversation with the salesman was prior to this time, when he agreed to this contract with the above statement in it, he thereby agreed that it was not modified or added to by any other contract. More-

over, the contract stated "that delivery at any specified time is waived; that all claims for damages, actual or speculative, because of delayed shipments are waived. If from any cause whatever you are unable to obtain delivery from the manufacturer, you shall not be held liable for any damages thereby resulting to the undersigned by reason of such non-delivery or delayed delivery." We think the above contract is so plain and unambiguous that the parties were bound to have understood its terms, and they were bound to understand that it was not modified or added to by any other contract, and under the terms of the contract, the damages claimed by appellant could not be recovered, and therefore the evidence tending to show the damages was not complete.

Appellant complains about the refusal of the court to give certain instructions. He does not abstract the instructions, but, the conclusion having been reached that the court correctly directed a verdict for the appellee under the evidence in the case, it was of course not error to refuse to give the instructions requested by appellant.

The evidence was sufficient to justify the trial court in directing a verdict, and the judgment is therefore affirmed.