GENERAL TALKING PICTURES CORPORATION *v.* SHEA.

Opinion delivered May 9, 1932.

*George D. Hester, DeWitt Poe* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*J. G. Williamson, Lamar Williamson* and *Adrian Williamson,* for appellee.

HUMPHREYS, J. This suit was brought by appellant against appellee in the circuit court of Desha County to recover possession of two Phonofilm sound reproduction boxes, two preliminary amplifiers and fader control, one "B" amplifier and power supply unit, one set of loudspeakers, and tubes necessary to install same in the theatre owned by appellee in McGehee. The things named and sought to be recovered constituted the equipment of a DeForest Phonofilm, or talking-picture machine. It was

alleged that appellant was a nonresident corporation, and that the equipment was of the value of $5,000; that appellant was entitled to the immediate possession thereof, and that appellee was unlawfully detaining same, to appellant's damage in the sum of $1,000. It was further alleged that on the 4th day of February, 1929, appellant leased and delivered to appellee the said property, as an exhibitor, giving appellee a personal, nonexclusive, indivisible license to use said equipment in his theatre in the city of McGehee, for which he agreed to pay the sum of $3,180, evidenced by twelve promissory notes in the sum of $265 each, the first note to become due on April 20, 1929, and one note each month thereafter until the twelve notes were fully paid; that appellee has paid the first two notes, but has failed and refused to pay the notes maturing up to and including March 20, 1930; that appellant has complied with all the terms of the license agreement, and that, by reason of said failure or breach of the contract, it was entitled to recover $2,650, together with the right to the immediate possession of the equipment aforesaid, and damages in the sum of $1,000. The written contract sued upon and notes evidencing the unpaid rentals were attached to the complaint as exhibits.

Appellee filed a special demurrer questioning appellant's legal capacity to sue, and also an answer and cross-complaint in which he admitted that appellant was a nonresident corporation, and alleged that this suit is an action to enforce a contract covering intrastate business done and to be done by appellant in the State of Arkansas, and is a contract the execution of which by appellant constitutes doing business in the State of Arkansas, and that appellant had not complied with the laws of the State of Arkansas authorizing it to do business in this State, and therefore could not maintain this action. In his cross-complaint, he alleged that there was an implied warranty by appellant that the machine was fit for the purposes for which it was leased, and that this warranty had been broken; that appellant had contracted to service the equipment and to send its agent, expert in the mainte-

nance and repair thereof, to make all necessary repairs and replacements on same, which contract appellant had violated; and prayed judgment for $20,508.73 as actual damages sustained by appellee on account of the failure of the DeForest Phonofilm to function and the failure of appellant to service the equipment and to make necessary repairs and replacements on same.

Thereupon appellant amended its complaint by alleging that its place of business is in the city and State of New York; that a few days prior to February 4, 1929, its representative called on appellee and interested him in obtaining from appellant, under its license agreement, the properties described in the original complaint, and that its representative forwarded to appellant, at its place of business in New York, appellee's order for said equipment; that appellee prepared in New York the license agreement referred to in the original complaint, and forwarded it by United States mail to appellee at McGehee, Arkansas; that the same was duly acknowledged by appellee and by him forwarded by United States mail to the State of New York, where the contract was approved and acknowledged by appellant on the 13th day of February, 1929; that, pursuant to said agreement, the property described in the original complaint was shipped to appellee at McGehee, f. o. b., from New York, which transaction constituted interstate commerce, so that the statute of Arkansas relied upon by appellee can have no application; and that the transaction involved was not doing business in the State of Arkansas, but was an interstate commerce transaction.

Appellant filed an answer to the cross-complaint, denying the material allegations therein.

The trial court heard and sustained the demurrer to appellant's complaint, and dismissed same over its objection and exception, and proceeded with the trial of appellee's cross-complaint and appellant's answer thereto, over appellant's objection and exception, which trial resulted in a verdict and consequent judgment in

favor of appellee in the sum of $12,500, from which is this appeal.

Appellant contends that the court erred in sustaining the special demurrer to, and dismissing, its complaint, on the ground that it had not qualified to do business in Arkansas. The effect of the court's ruling was to invalidate the contract as being made in violation of § 1832 of Crawford & Moses' Digest, which provides that a nonqualifying corporation cannot make any contract in this State which can be enforced by it in law or equity. Under the allegations of the complaint as amended, the transaction was interstate and not intrastate. The lease of the talking-picture machine in question was entered into between the parties in the State of New York on a rental basis covering a term of ten years with an undertaking on the part of appellant to ship and install same in appellee's theatre in McGehee, Arkansas, and, after making a test of the proper operation thereof, to supply worn or broken parts and keep the machine in repair for proper functioning. The character of the transaction as to whether interstate or intrastate is necessarily determined by the essence of the contract. The essence of the instant contract was the renting or leasing of a picture machine in New York for shipment to McGehee, Arkansas. The agreement was entered into in New York. It was clearly an agreement for an interstate shipment, and must be classed as interstate commerce, unless that portion of the contract providing for installation, inspection and repairs renders the transaction intrastate. The decided weight of authority is to the effect that an agreement to install machinery or other apparatus at the point of destination will not divest the sale of its character of interstate commerce. The authorities treat installation of the apparatus as a mere incident to the sale or transaction. *Puffer Mfg. Co.* v. *Kelly,* 198 Ala. 131, 73 So. 403; *Milan Milling & Mfg. Co.* v. *Gorten,* 93 Tenn. 590, 27 S. W. 971, 26 L. R. A. 135; *S. F. Bowser & Co.* v. *Schwartz,* 152 Wis. 408, 140 N. W. 51; *Flint & Walling Mfg. Co.* v. *McDonald,* 21 S. D. 526, 114 N. W. 684; *DeWitt* v. *Berger*

*Mfg. Co.,* (Tex. Civ. App.) 81 S. W. 334; *Wolf Co.* v. *Kutch,* 147 Wis. 209, 132 N. W. 981; *A. Leschen & Sons Rope Co.* v. *Moser,* (Tex. Civ. App.) 159 S. W. 1018; *Vulcan Steam Shovel Co.* v. *Flanders,* 105 Fed. 102; *York Mfg. Co.* v. *Colley,* 247 U. S. 21, 38 S. Ct. 430. In principle, we cannot see why an agreement for inspection and repairs of the machinery after being installed would take the contract of sale or lease out of the protection of the interstate commerce clause of the Federal Constitution.

We are also unable to draw any distinction between a lease and a sale rendering the first an intrastate and the second an interstate transaction. This court held, in the case of *Linton* v. *Erie Ozark Mining Company,* 147 Ark. 331, 227 S. W. 411, that a foreign corporation owning a mine in the State was not doing business in the State in violation of said section of the statute where it had leased the mine.

Appellee argues, however, that, if the court erred in dismissing the complaint of appellant, it was not prejudicial error. The contention of appellee that the only issues in the case were covered by the cross-complaint and the answers thereto is not sound. The issue tendered by appellant's complaint that appellee had breached the contract, and that by reason thereof it was entitled to the balance of the rentals and to $1,000 damages, was not included in the cross-complaint and answer thereto. Had appellant's contract been treated as valid, it might have proved that same was breached by appellee, and recovered the balance of the rents and any damages on account of the breach, and have set off them against any damages appellee might have recovered.

On account of the error indicated, the judgment is reversed, and the cause is remanded for a new trial.