Dwayne GOODE d/b/a VILLAGE REXALL DRUGS
v. UNIVERSAL PLASTICS, Inc.

5-5003                                    445 S. W. 2d 893

Opinion delivered October 27, 1969

*Guy H. Jones* and *Phil Stratton,* for appellant.

*Clark, Clark & Clark,* for appellee.

LYLE BROWN, Justice. Appellee brought suit asserting that appellant, a Conway, Arkansas, druggist, owed a balance of $558 on a contract and note. It was stipulated that appellee, Universal Plastics, Inc., was a foreign corporation not qualified to do business in Arkansas as required by Ark. Stat. Ann. §§ 64-1201 et seq. (Repl. 1966). Appellant Goode contended before the circuit court that appellee had no standing to sue because the contract was made and performed in Arkansas and that such a contract made by a nonqualifying foreign corporation cannot be enforced in Arkansas courts. The circuit court, sitting as a jury, found as facts that (1) the contract sued on was a Tennessee contract, and (2) the transaction was in interstate commerce. Judgment was entered against Goode and he appeals.

Universal Plastics has the right to maintain an action on a contract made in Tennessee although it has not qualified to do business as a corporation in Arkansas. *Brown Broadcast, Inc.* v. *Pepper Sound Studio, Inc.,* 242 Ark. 701, 416 S. W. 2d 284 (1967). Also, § 64-1202 is not applicable to contracts in which the transaction is wholly in interstate commerce. *W. T. Rawleigh Medical Co.* v. *Rose,* 133 Ark. 505, 202 S. W. 849 (1918). The facts convincingly demonstrate (1) that the contract was made in Tennessee, and (2) that its performance was wholly in interstate commerce.

Appellee has its plant and office in Cookeville, Tennessee, where it is engaged in manufacturing advertising covers for telephone books. In 1966 appellee's agents solicited orders in Conway, Arkansas. Appellant signed an "Application for membership and Contract for Tel-A-Guide advertising." The contract provided for appellee to manufacture 5,000 telephone book covers to be distributed in the Conway area containing an advertisement for appellant's drugstore. On the face of the contract below appellant's signature is the statement,

"All applications subject to acceptance by Universal Plastics, Inc." Immediately above appellant's signature is the phrase, "see reverse side for terms and conditions," and on the reverse side is the following statement:

> 1. This application is subject to acceptance and performance by Universal Plastics, Incorporated of Tennessee at its home office, hereafter known as UNICORP. Upon such acceptance without further notice to the customer, this application becomes valid governed by the laws of Tennessee.

Appellee's area sales manager testified that approval of contracts at the home office was necessary to insure that enough orders had been received from a particular locality to make it profitable to manufacture the covers. The completed contract contained advertisements from Goode and eleven other Conway merchants, all spaces being subscribed. The covers were manufactured and mailed by appellee from its Cookeville plant directly to 5,000 telephone subscribers in Conway.

The contract and note were executed by appellant on the same date and at the same place. They both relate to the same transaction and it is conceded they should be considered as one instrument. *Gowen* v. *Sullins*, 212 Ark. 824, 208 S. W. 2d 450 (1948).

The trial court was correct in its finding that the contract was made in Tennessee. The rule is stated in Leflar's *American Conflicts Law* (1969), § 144 at page 353:

> The authorities are reasonably clear that, in this event, the contract is made at the time and place 'where the last act necessary to the completion of the contract was done—that is, where the contract first creates a legal obligation.'

The solicitor of a contract may by its terms dictate the

mode of acceptance by which legal obligations will arise thereunder. *Mechanics' Lumber Co.* v. *Yates American Machine Co.*, 181 Ark. 415, 26 S. W. 2d 80 (1930). The terms of the instrument before us make it clear that no contract came into being until acceptance by appellee at its home office in Tennessee. Upon approval in Tennessee "the last act necessary to completion of the contract was done." The contract was therefore a Tennessee contract and appellee may enforce it in the Arkansas courts despite its status as a nonqualifying corporation. *Brown Broadcast, Inc.* v. *Pepper Sound Studio, Inc., supra.*

The evidence also supports the trial court's determination that the performance of the contract involved an interstate transaction. The terms of the contract clearly indicated that appellee was to mail the book covers from its plant in Cookeville, Tennessee, to telephone subscribers in the Conway area. The 5,000 covers were so distributed. Thus appellee, a consignor outside the State, shipped goods directly to consignees within Arkansas. This action places the transaction between appellant and appellee wholly in interstate commerce. *Hogan* v. *Intertype Corp.*, 136 Ark. 52, 206 S. W. 58 (1918); *McLeod* v. *J. E. Dilworth Co.*, 205 Ark. 780, 171 S. W. 2d 62, 322 U. S. 327 (1943). A contract calling for a transaction wholly in interstate commerce is enforceable in Arkansas courts by a corporation not qualified under § 64-1202 to do business in Arkansas. *W. T. Rawleigh Medical Co.* v. *Rose, supra.*

Affirmed.